KEVIN L. DICKENS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 279, 2009.
Supreme Court of Delaware.
Submitted: October 30, 2009.
Decided: November 23, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice
This 23rd day of November 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Kevin L. Dickens, filed an appeal from the Superior Court's April 23, 2009 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.
(2) In March 2006, Dickens was found guilty by a Superior Court jury of two counts of Assault in a Detention Facility. Dickens' subsequent motion for a new trial was denied by the Superior Court. He was then sentenced to a total of 10 years of Level V incarceration, to be suspended after 4 years for probation. Dickens' convictions were affirmed by this Court on direct appeal.[1]
(3) In this appeal from the Superior Court's denial of his first postconviction motion, Dickens claims that a) his standby counsel provided ineffective assistance by failing to request a post-trial mental health evaluation; b) the Superior Court erred by failing to instruct the jury on a lesser-included offense, by conducting voir dire of a juror outside the presence of all counsel, and by denying his motion for bail modification; c) the statute under which he was convicted is unconstitutional; and d) his sentence is disproportionately harsh.
(4) Dickens' first claim is that his standby counsel provided ineffective assistance by failing to request a post-trial mental health evaluation. The record reflects that Dickens voluntarily waived his right to counsel and elected to proceed pro se at trial. Even assuming that Dickens can properly assert an ineffective assistance of counsel claim in such circumstances, the record does not support such a claim.[2] As such, we conclude that the Superior Court properly denied Dickens' first claim.
(5) Dickens' second claim is that the Superior Court erred by improperly instructing the jury, improperly conducting voir dire of a juror, and denying his motion for bail modification. In postconviction proceedings, the Superior Court must first determine whether the procedural requirements of Rule 61 have been met before addressing the merits of the movant's claims.[3] Here, the record reflects that Dickens' claims that the Superior Court erred by improperly instructing the jury and by improperly conducting voir dire of a juror, were previously adjudicated in his direct appeal. As such, they are procedurally barred as formerly adjudicated unless Dickens can demonstrate that the claims should be reconsidered in the interest of justice.[4] There being no such evidence, we conclude that the Superior Court's denial of the claims must be affirmed.[5]
(6) The record further reflects that Dickens failed to raise his bail modification claim in his direct appeal. That claim is procedurally defaulted unless Dickens can demonstrate either cause for relief from the default and prejudice from a violation of his rights,[6] or a colorable claim of a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[7] In the absence of any evidence that the claim warrants consideration on its merits, we conclude that the Superior Court's denial must be affirmed.
(7) Dickens' third claim is that the statute he was convicted of violating[8] is unconstitutional. Because Dickens failed to assert the claim in his direct appeal, the claim is procedurally defaulted[9] unless he can demonstrate that justice warrants consideration of the claim on its merits.[10] No such evidence having been presented, we conclude that the Superior Court's denial of this claim must also be affirmed.
(8) Dickens' fourth, and final, claim is that his sentence is disproportionately harsh. The purpose of Rule 61 is to provide a procedure for an inmate to collaterally attack his conviction, not to serve as a vehicle for an inmate to assert a claim that he was improperly sentenced.[11] We therefore conclude that the Superior Court's denial of the claim must be affirmed, albeit on procedural, rather than substantive, grounds.[12]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Dickens v. State, Del. Supr., No. 443, 2006, Jacobs, J. (Apr. 2, 2008).
[2] Strickland v. Washington, 466 U.S. 669, 689, 694 (1984) (in order to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that, but for counsel's professional errors, there is a reasonable probability that the outcome of the proceedings would have been different).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Super. Ct. Crim. R. 61(i)(4).
[5] To the extent that Dickens presents arguments that were not asserted below, we decline to address them for the first time in this appeal. Supr. Ct. R. 8.
[6] Super. Ct. Crim. R. 61(i)(3).
[7] Super. Ct. Crim. R. 61(i)(5).
[8] Del. Code Ann. tit. 11, §1254 (Assault in a Detention Facility).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Id.; Super. Ct. Crim. R. 61(i)(5).
[11] Broughton v. State, Del. Supr., No. 525, 2005, Ridgely, J. (June 6, 2006).
[12] Unitrin, Inc. v. Amer. Gen. Corp., 651 A.2d 1361, 1390 (Del. 1995) (this Court may affirm a Superior Court ruling on grounds different from those relied upon by the Superior Court).